The next case today is Juan Carlos Montoya et al. The CRST Expedited, Inc. et al. Appeal number 211125 and appeal number 211482. Attorney Hanson, please introduce yourself for the record and proceed with your argument. Yes, James Hanson representing the Defendant's Appellants CRST Expedited and CRST International. I would request four minutes be reserved for rebuttal. It's granted. May it please the Court. We're here today on the de novo review on the issue of whether the time an over-the-road truck driver, that's one that's a long-haul trucking operation, the time that they spend in the sleeper berth of a moving truck, whether that should be considered hours of work under the FLSA. Now the plain language of 29 CFR 785.41 answers that question. All time in which the truck drivers are driving, are riding, I'm sorry, instead of driving, are riding and are permitted to sleep in a sleeper berth is not work time under the FLSA. Therefore, it would not be compensable. Based on this regulation 785.41, the Ninth Circuit has already decided in Nance v. May trucking that that time agrees that that time is not work time. It is not compensable work time under the FLSA. There is no question in this case that the parties have stipulated that there was no work performed by any of the drivers while they were in the sleeper berth. They were not called upon to work. They were not interrupted while they were in the sleeper berth. They were free to use that time for their own purposes and they were resting in order to be ready to work under the Department of Transportation regulations for their next work shift that would come up after the driver who was on duty would begin working. Now section 785.41 deals with time. Do we have anything on the record that would tell us what would happen if driver one is driving along, driver two has completed the 10 hours of off-duty that DOT requires such that they are then able to drive again, and driver one suddenly says, you know what, I'm feeling scared that I'm getting sleepy. I need to take a break. Can you take over? And suppose driver two said, I'm not going to do it. Do we have anything in the record that tells us what would happen to driver two in that situation? We do not have anything in the record. The drivers work as a team and so they coordinate their schedules. If one says he's sick and the other is capable of driving, the assumption is that the second driver that had been in the sleeper berth would assume the duties of driving. Doesn't that at least suggest that for the, if I have my math right, and I'm sure I don't, but if I do, if we deduct the eight hours of sleep time and we set aside the 10 hours of non, you know, off-duty time, doesn't that leave at least four hours for driver two because it's a team model, it would be reasonable to assume that there'd be an expectation that they'd step in if needed? There is an expectation at the time of hire that drivers are going to work a shift of 10 to 12 hours as a general rule and then will take their DOT mandated 10-hour rest break. I know it, but I'm just going back to my question. If we assume, doesn't that leave four hours where driver two is available to help, is permitted to hang out in the sleeper berth and even to sleep, but is available to help because DOT doesn't prevent them from helping and they're a team, so knows that if driver one, for whatever reason, gets sleepy or feels it's dangerous or unsafe, that the expectation would be driver two would step in. Yes, and once the driver steps in, if the first driver says, I can't drive anymore, I'm sleepy, he would then go on duty. Right, but doesn't that mean, doesn't that expectation support the notion that at least during that four-hour period, he's engaged to be waiting in the sense that he knows he's part of the team in which at any moment he might be called in? As a general rule, no, because they work shifts. They would not be engaged to wait. But I guess it's just a matter of what we mean by as a general rule. As a general rule, he won't be called upon, but he might be. That seems a lot like the situation in Skidmore. As a general rule, there'll be no emergency, but you're engaged to be waiting because there might be. But as a general rule, that does not happen. There's no evidence in the record that that ever happened. Why wouldn't it be reasonable to just infer that from the fact that it's a team model? Well, it is something that could happen, but it's like the plaintiff's hypotheticals. They are nothing more than hypotheticals, and it is not something that there's evidence in the record that it ever happened. I have one last question. There's something so anti-commonsensical about your position here. I mean, your clients promote this team model of driving, this team model of driving, for reasons that the athletes pointed out, is obviously a benefit to your client. The continuing presence of the second driver in that berth is truly a benefit to the employer. It enhances the economic efficiency and value of the trucking. And so, given the fact that the whole model assumes benefit to the employer from the ongoing presence of that second driver in that berth, whatever circumstances might arise for that second driver would be called upon to step in to deal with an emergency of some kind. I mean, why doesn't that obvious benefit to the employer answer the question here? I just don't understand that. And just so you can answer both at once, for years, the Department of Labor, until this 2019 apparent change in beyond eight hours, that's compensable. And so, you're taking a position which I think defies common sense and is contrary to the long-standing interpretation of the Department of Labor. So, I don't, I just don't have trouble understanding the force of your arguments. Your Honor, I'm going to start by answering the second question first. Sure. The department's position had been until 1964 when they came out with an opinion letter was that the time in the sleeper berth was not compensable work time. That had been the department's position. It created a regulation that is now 785.41 that confirmed what it had said all along. The time in the sleeper berth is not compensable work time as long as the driver has an opportunity to sleep, is permitted to sleep. So, that had been the department's position. It then came out with an opinion letter, which is nothing, which is entitled to no deference or or it is not a, it's not a, none of the regulations have gone through the rulemaking process, but it was just an opinion of the Department of Labor. Four minutes remaining. And there was nothing that that said that that that time had somehow become, we would overlay 785.22 over 785.41. 785.41 is specific to trucking. It deals with the situation we're dealing with here and that is a driver who is riding with a driver who is on duty and working. Now, in terms of the benefit, it is it is no more, no different than a benefit that the driver who's in the sleeper berth is resting so that he can can then work his next work shift. They get paid for delivering loads. The amount that they get paid depends on the length of the haul, but they get paid to deliver a load. The more loads they deliver, the more they get paid. So, the driver that is in the sleeper berth gets the benefit of being able to complete loads quicker by having another driver with him. And so, it is it is nothing that is mutually, is exclusive to CRST to be able to expedite the delivery of freight. Rather, they both get a benefit because the drivers can earn more money by working in a team. Plus, they have somebody that that's there with them as a companion in the truck. There are benefits that go both ways. It is not a one-sided benefit to the to the employer CRST in this case. The plaintiff tries to overlay 785.22 on top of 785.41. They try to harmonize it, but by putting the the eight-hour cap on top of 41, they rewrite the regulation. 41, an insert of eight-hour cap that's not there in the plain language. The language is clear. It's unambiguous. It says that a driver who is riding in the sleeper berth of a truck and is permitted to sleep, that is not compensable work time. They create, in effect, a new regulation out of overlaying 785.22. There are times when the department uses the eight-hour cap, either importing 785.22 into a regulation or putting an eight-hour cap into the regulation. They didn't do that in this case. They left truck driving alone because, I'm assuming, because they knew that drivers have to rest for a period of time before they can drive. Now, does it ever happen? It is not something that is a regular it's unlike firemen who sleep may be interrupted by a fire alarm or a person who was working at a group home or at a nursing home where they may have to respond to an emergency and therefore that time would be under 785.22 would be limited to an eight-hour cap, but that's not the situation that we have here. We have 785.41 which deals specifically with truck driving and it says that that time is not compensable work time. It's a straightforward reading of the regulation. What the plaintiff and what the Department of Labor does is try to override that by putting the limitations of 785.22 into it and to to harmonize them what you have to do is say 785.22 deals with with a different set of circumstances that's time than 785.41 and he wasn't hired to work shifts of 24 hours or more so therefore 785.22 doesn't apply. No more questions. You have four minutes and rebuttal. Thank you. Would attorney Hanson please mute his audio and video and at this time would attorney Schwab please unmute audio and video and introduce yourself on the record to begin. Good afternoon, your honors. My name is Hillary Schwab. I'm representing the plaintiff's appellees. CRST's team drivers are on duty when they are in the truck's sleeping berth and under the applicable regulations they're entitled to compensation for sleeper berth time in excess of eight hours per day. Under the analysis used by the Supreme Court in the Armour and Skidmore cases... Can I ask you about the on duty? The puzzle for me is what to do about the at least there's 10 hours where if I'm reading  correct so in in for eight of those hours on your view they shouldn't be paid because they're sleeping. So then there's correct? Because the regulation says that eight hours is excluded. You're accepting that that there's eight hours and you're not paying for   Correct. Okay that leaves six hours where they're not driving potentially because they can only drive up to 14 hours and then they've got to take the 10 hour break. So we've got potentially four hours where they're in the sleeper berth where the other driver is driving and they would be free under the DOT reg to assist correct? Correct. Okay I understand the argument I understand the argument against if I understand the argument as to how that could be understood as time in which you are engaged engaged to be waiting because there's the benefit to the first driver knowing that if they need to take a break they've got somebody who can help. Here's the part where I'm having a the driver two cannot help cannot do anything. So what is the legal authority that suggests for those two hours it makes sense to treat the person as engaged to be waiting rather than waiting to be engaged and then I just want so I want you to answer that question but I want you to then see a potential implication of it. As I for the four hours independent of the full six you've made one argument for all six hours counting. We're arguing that there that it was a violation of the FLSA and the regulations not to compensate for all sleeper berths. For all six and and and what I'm saying is in making that argument you have not presented there any ground for distinguishing between the two hours in which the DOT bar is applicable and the four hours in which it is not. That's correct nor do I think that that there should be so help me understand if we then just for to make it easy with respect to those two hours where the DOT bar is in place. What supports the view that for those two hours the person is engaged to be waiting rather than waiting to be engaged? I don't look at it I understand the question I don't look at it exactly as the two hours I look at it as the entire sleeper. I know you do I'm asking you to show me the two hours. I'll focus on the two hours. Thank you. During those two hours the driver is confined to the sleeper in a moving in an often moving vehicle. It is a small incredibly restrictive space so the fact of the confinement itself is relevant to what supports that the conclusion that the fact of the confinement even though it allows for sleeping counts in favor of treating it as compensable work time. What material supports that assertion? I think the armor case supports that the armor case is looking at the fact that you're on the employer's premises and of course the armor case this the circumstances were much less confining. But in the armor case at all periods of time the person was available to assist. In the two hours we're talking about the person is not available to assist. I don't know of a case that says on-premises alone can support the conclusion that it's compensable time. The armor case though your honor also states that being engaged to um i'm fine let me find the language being in readiness to serve and you're not you're not ready to serve during those two hours you can't well you are well there's two two responses to that one you are in instant readiness to serve on a very infrequent basis and the record does include testimony from a during the two hours when the dot bar is in place so when you have the dot bar and you're supposed to be sleeper you're on your 10-hour reset in an emergency you may still be called upon to work so even during the two hours yes and let me explain yeah so the record testimony testimony on it there is a crst deponent saying they're a team two heads are better than one you know these are very untrained drivers and a lot of times they're getting into situations so that he said say for example you're stranded in the rockies you're you break down you get stuck and you can't back out i see and the idea is you could be asked to help but it would just count against your time on the back side for future driving no so it might count against your time but it is also true that the department of transportation does allow some small interruptions i don't think we have it in our brief but there is some indication that the department of transportation says you know if you get a quick call in the necessarily stop the reset but if it does stop so be it it doesn't mean i'll work grounds to a halt it just means they have to work the schedule a little bit more but um so the facts on the ground i think still support considering those as you're calling it two hours as compensable also though i would point to section 785 22 and and the department of labor has set the standard as eight hours only for non-compensable sleep time but that depends if we treat them as on duty for 24 hours which seems to be just recursive of the question of are they on duty during those two hours however if they're not on duty for 24 hours then section 785 21 would apply and would say well then any time that you're sleeping you don't even get those eight hours if it's a non-24 hour shift then the eight hours that's not true for the trucking well i suppose it could just it has to do with whether you consider the entire tour of duty on duty and your honor on this point i know we're talking about on duty and off duty for the department of transportation and i want to be very clear i know i understand they're not the same but yeah right so for purposes of the department of labor and the flsa if you're looking at what constitutes on duty time that does on duty time include waiting to be engaged time i thought not yes our position is that on duty time you're at the employer's premises meaning on the truck or loading and unloading from the beginning of your tour i understand i'm saying it conceptually when you're engaged to be waiting i think i understand you say that's on due time i had not thought you were saying waiting to be engaged time is on i understand that but that's when they're driving in the vehicle the question of whether that 24 hour on duty rule applies is just dependent on determining whether they are engaged to be waiting for the entirety of the time i suppose that's right but the fact that the eight hours is excludable under section 785 22 doesn't make those eight hours not on duty time okay so our position is the entire time that you're waiting for your clock to reset that you're there in stasis waiting to be able to jump back in the truck to keep the goods moving is on duty time when you're engaged to wait um i i'd like to address some of the issues raised by my brother counsel on the issue of the issue of the benefit i want to be very clear that the record makes clear that the benefit in this case is that's time clear and i'll just go ahead for just that's all right um and not to the employees in this case first of all these employees are getting very low wages some of the lowest if not the lowest in the trucking industry and they are paid per mile half rate per mile driven by the whole team so it's not as if they're earning even close to what they would make as a solo driver they're simply not and the amicus brief by the afl-cio i think has evidence supporting that point um okay thank you attorney schwab please mute your audio and video at this time attorney johnson please uh unmute and introduce yourself on the record to begin good afternoon your honors um and may it please the court my name is heather maria johnson representing the u.s department of labor um i'd like to just jump in and address the question um that uh judge barron raised um i think you know how to think about that two-hour period where um a driver uh except perhaps in emergencies uh can't work under the dot regs um but it's beyond the eight hours um of time that can be excluded under the dol regs um i think it would be helpful here to take us back to first principles um the dol regulations um are based in some of the early supreme court cases um and so when we think about it we have to first start by thinking about whether the time is spent primarily for the employer's benefit under the tennessee coal iron and railroad case from the supreme court in 1944 and then when we are considering whether the time is for the employer or the employee's benefit that's when we get into um factors that go to whether or not the employee can use that time for his or her own benefit and so for the entire period when um a driver is riding with the vehicle um they are doing so um for the employer's benefit specifically so that they are available to drive when their time comes um you can't see the reason that concerns me is the nance case they have to be on the barge it's clearly to the benefit of the employer to keep them on the barge and yet if i'm reading the fifth circuit right they say that alone is not enough to say that they were engaged to be waived so you seem like you're saying then the only way we can rule for the plaintiffs here is to create a split with the fifth circuit so how is that that's not the case your honor i think that's the result uh uh which is maybe not it's yeah saying it right um out of the fifth circuit and that does involve workers on a barge of some type um and that is a very different case that's not a case um that implicates the travel regulation specifically uh point uh 785.41 that is a case involving employees that are essentially living on the employer's premises for certain time periods and so the department looks at that under the waiting time regulations and also under the sleeping time regulation specifically uh 785.23 which does allow employees and employers to come to a reasonable um agreement as to time spent on the employer's premises that is not um time performing active duty um so so a lot of the cases in fact um that that defendants have cited are distinguishable on that basis um because they they really are travel time um so uh but but to go back i think to uh the point and just so i get this point that those on-premises non-travel cases in the regulations themselves they make the nature of the agreement by the parties part of the calculus of how to treat it as compensable or not and i take it you're saying that the way the department of labor looks at it for travel type work we the the nature of the formal agreement or informal agreement between the parties is not a relevant factor is that right um not not quite your honor um under uh 785.23 which is the regulation governing um time spent um where employees live on employers premises um the parties the regulation specifically provides that the parties can come to a takes into account um the consideration of all pertinent facts etc um whereas uh the department of labor's position with respect to travel time is that um we do read that in conjunction with uh 785.22 which includes the eight hour limitation um and so up to eight hours of of a reasonable agreement between the parties um can be excluded from compensable hours worked so that agreement is still relevant it's um it's just not determinative beyond those eight hours uh because is it relevant after the eight hours um yes and no i would say that it's certainly not determinative because um but it's relevant employees can't waive their minimum wage entitlement i'm just asking is it relevant to determining whether it's compensable time what their agreement was um past the eight hours simply an agreement to not pay for more than eight hours would not be relevant um but if the agreement um includes information that suggests that the time um truly is time when they are not uh spending that time for the employer to benefit then that factual information would be relevant your honor and we have no such finding here right about the agreement we have no such finding about the agreement here one way or the other correct um so explaining again if you would you may have explained this i may have missed it the uh the two hours that judge barron has identified where uh under the under dot regulations the driver would not be eligible to drive again until the detective this 10 hour period had expired up for that that period of time why are those two hours still for the benefit of the employer number one and secondly that that consideration benefit to the employer is that dispositive on the compensable time issue or is it simply one factor to be considered in deciding whether the time at issue is compensable so be helpful to me if you can answer both those questions um sure um so first with respect to whether or not um that time is compensable um yes um our position is that all of the time spent riding in the sleeper berth is ours worked because it is essential um for the driver the relief driver to ride with the vehicle so that he or she is physically present when it is his or her time to take over driving um you can't separate out that um that that time spent riding with the vehicle um because if they if they were not to ride with the vehicle they would not be available to drive when their time to drive comes up so and so your point is it's just the the transition is sort of instantaneous the the time periods at issue are up and the the second driver can immediately step in and continue the transit is that is that the idea um not quite your honor i think um the point i'm trying to make is that all of this time may i continue to answer the question um all of the time spent riding in the sleeper berth is predominantly for the employer's benefit because unless the driver is riding with the vehicle the driver will not be available to drive um so that's part of the analysis but but under that analysis all of the time is for the employer's benefit because the nature of the work is travel exactly exactly your honor and then i think getting to um the second question is does that end the analysis or do you look at other factors um once we determine that it is uh for the employer's benefit um the overall test is whether it's primarily for the employer's benefit so then you can also consider factors that go to whether it is for the employee's benefit and so um as a matter of policy uh the department of labor considers the eight hours of excludable sleeping time to be time that also um benefits the employee and therefore a policy judgment was made to allow that eight hours of time which arguably benefits both the employer and the employee to be excluded from compensable time but beyond that um that is time that benefits the employer and um given other factors such as the extreme confinement um you know these workers are stuck on a truck they really don't have the ability to do anything aside from you know kill time maybe while lying down um and so this really isn't time they can use effectively for their own purposes within those broader principles um for set forth by the court in Armour and Skidmore um so unless the court has any other questions um i will uh turn it over next would you please uh just go back through the analysis that you just conducted with respect to the two hours the dot two hours that judge barron was asking about uh yes your honor um and i'll try to do it a little bit uh more slowly um i'm sorry if i was speaking too fast so essentially for all of the time spent in riding with the vehicle all of that time benefits the employer because of the employer's business model um it enables the employer let me just ask my question a little differently so you said the eight hours though is primarily for the benefit even though it benefits the employer it's primarily for the benefit of the employee i'm trying to understand the calculus for the two hours which seems to me benefits both the employee even if the employee doesn't want it dot says it's for your own good and other public interests and there's a requirements so just how did the factors line up in your view with respect to the two hours if you could just go through that again for me certainly your honor um and so just to clarify for the eight hours of sleeping time we wouldn't say it's primarily for the employee's benefit we would say it is it benefits both parties um and so we've allowed it to be um compensable the department has for those two hours um this is still time that benefits the employer because it is allowing the employer to move goods across the country uh twice as fast um and the driver is still riding with the truck to be uh present and available when it is his or her time to drive um you could also say it is integral to the job of driving the question that i'm not hearing a great answer to is everything you just said is equally true of the eight hours of sleeping time so why are you treating the two hours differently sorry i was i was about to get to that i'm sorry honor um the difference with that two hours is that this is not time the employee can use um effectively for his or her own purposes unlike the eight hours of sleeping time um which which can be used for the purpose of sleep uh the additional two hours is time that the employee is stuck on a truck so the idea is basically any human being would like eight hours of sleep so when you get the eight hours we assume that's what you wanted to do if you had two hours of free time nobody would choose to be just stuck in a sleeper berth is that the basic idea that that is exactly it your honor and um the eight hour limit is also meant to assist the industry by having a clear standard as opposed to making them track actual time spent sleeping well your your opponent said well that's not really those two hours that's not really hard time they can they can email they can play video games they can i don't know maybe watch television in the back or something i mean that they do say all that i mean what i guess to to emphasize that there's more freedom even in that limited environment than you than you suggest what's what's the uh what's the relevance of that that they say that i guess that's part of the record um well i at this point your honor i think it's important to go back again to those first principles um particularly from the armor and skid more cases those again were cases where employees were required to stay on the employer's premises they had a lot of options for recreation like playing pool dominoes listening to the radio um yeah but they were but they were on call they were on call for the purpose of the job at every moment but the all right well the appellees say to us that the record supports the notion that notwithstanding the dot rule even during those two hours they could be on call is that true um yes there is the possibility that they could be on call and as dol made anything of that fact relevant to its analysis of how to treat the two hours or not we have not because we think it does not matter okay um even but you wouldn't you don't see a problem with someone else thinking maybe it does matter um do you i guess it depends on uh on which way you go i mean to the extent that they actually are on call yes it matters would it in the armor and skid more cases the nature of the job was to respond to emergencies with an expectation that your whole point was waiting for the emergency it seems to me the record here is not as clear that during those two hours the reason you're in the truck is to be available to your teammate if they need you as opposed to the reason to being in the truck is to be available to start driving when the two hours are up that's a pretty big difference it happens that you are available during those two hours to help out an emergency which makes you sort of like the skid more person does dol have a view whether it would be a problem for a court to treat that kind of being on call as the kind of on call that counted in favor of treating it as compensable time in armor so um no your honor i don't see that as problematic because ultimately under these first principles you still need to look at the benefit to the employer and the benefit to the employee and even if the employee may be able to kill time during those two hours um it's not the same as being able to truly use that time for their own benefit um i can certainly waste two hours on my phone if i am stuck somewhere that doesn't mean i'm using it effectively for my own purposes counsel i don't understand why you rejected the proposition that i put forth that it the continuing presence of the second driver for those two hours when dot regulations would not allow that person to drive but the that continuing presence allows for a very quick transition from the one driving to to the next driver putting aside i guess everybody agrees in an emergency if called upon a second driver's gonna say no no i can't help because it's it's it wouldn't comply with the dot regulation but what if that quick transition is not the benefit to the employer of the second driver in the cab what what is the benefit to the employer then um i'm not sure i intended to uh reject that proposition your honor i think i was just clarifying that that wasn't the point um i had been trying to make um if if by quick transition you mean that the driver by riding with the vehicle is available to take over driving when his or her time to do so comes up then yes i agree but i'm not sure maybe i maybe i'm not uh fully understanding the distinction you're making well we need to move on okay thank you thank you thank you okay thank you your honors attorney johnson please mute your audio and video at this time and attorney hansen please uh unmute your audio and video and reintroduce yourself on the record to begin your four minute rebuttal thank you this is james hansen again on behalf of the crst defendant appellants i want to start again with 785.41 because it addresses the time of what how do you treat travel time it says that if you're one working while you're traveling like the driver of the vehicle that's work time but it also says that an employee who is riding who is permitted to be in the sleeper berth of the truck is permitted to sleep in adequate facilities furnished by the employer which is a sleeper berth the dol plaintiff acknowledges that a sleeper berth is an adequate facility they complain about the size of it but that's just hyperbolic speech when really the regulations themselves say that it's an adequate facility and and the size of it the minimum size is dictated by dot for the reason of enabling drivers to safe to rest so they can safely operate in an 80 000 pound 18 wheel commercial motor vehicle on the nation's highways in this case plaintiffs and the department of labor have not addressed 785.41 the plain straightforward language that says that that time whether it's eight hours or 10 hours or hours of work it is very clear there is no ambiguity in it is it clear that reg applies to trying to travel that goes on for more than 24 hours it a truck cannot draw cannot go that far of 24 hours without having stopped to give the drivers both if they want to get out of the text of the rule the first rule talks about being on duty for 24 hours the second rule talks about travel second rule doesn't refer to 24 hours the first rule doesn't refer to travel so how do i know that the second rule applies in a situation where there's travel that extends beyond 24 hours because the plain language of 785.41 says that and where does it say where does it say it's talking about travel that extends beyond 24 hours it does not put a cap on that time it says if you're riding in a vehicle it is work time unless you're permitted to sleep in an adequate facility furnished by the employer and and there is no evidence in the record of any example like that where people were on were in the sleeper berth for 24 hours or more in in the course of a driver's work day and this is what the drivers are hired to do is to to work a maximum 14 hour work shift of which 11 of those hours can be driving after that they have to take a 10 hour break the truck has to stop for fuel it is not a situation where people are are cabined in a sleeper berth for for excessive hours at a time if a driver is in the sleeper berth given the fact that the truck has to stop at various times it's by the by the the driver who is resting it's by his choice not by the employer's choice and in this case these sleeper berths are are you know they have microwaves and they have tvs and they have bedding that is it is all dictated that the bedding is dictated by dot to provide an adequate facility for them to be able to rest they have not dealt with the straightforward language of 785.41 they've not dealt with the interpretation by dol that that is not work time historically when the when it was first introduced in 1943 it was only when they issued an opinion letter did they try to lay on a cap of eight hours which is nowhere to be found in 785.41 that's time thank you thank you your honor that concludes arguments for today this session of the honorable united states court of appeals is now recessed until the next session of the court god save the united states of america and this honorable court council you may disconnect from the meeting